## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDIA JOYCIA FORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1726** |
| **BRITISH PETROLEUM, PLC** | **SECTION: "G"(2)** |

## ORDER AND REASONS

In this litigation, Plaintiff Brendia Joycia Ford alleges that, as Trustee of the James A. Ford-William Willie Bradford Irrevocable Living Trust, she is responsible for an outstanding tax debt and the IRS has filed a federal tax lien in an effort to collect those taxes.[1] Plaintiff alleges that Defendant British Petroleum, PLC, has not stopped drilling on certain lands and has failed to "pay any arrears funds."[2] Pending before the Court is Plaintiff Brendia Joycia Ford's "Motion for Recusal and Motion for Substitution."[3] Having reviewed the motion, the memorandum in support, the memorandum in opposition, Plaintiff's affidavit, the record, and the applicable law, the Court will deny the motion.

---

[1] Rec. Doc. 3-1 at pp. 6, 18.

[2] *Id.* at p. 8. Plaintiff does not identify those lands but states that "the Plaintiff was the recipient of a ten million U.S. dollars Tax Lien and the Defendant has not stopped drilling on these lands without the Trustee of the James A. Ford-William Willie Bradford Irrevocable Living Trust's written contractual agreement." *Id.* at p. 6. Plaintiff also alleges that "the United States Attorney General must intervene because the defendant British Petroleum PIC did not maintain their court filed agreement placed during the start of drilling to place these arrears funds into a Clerk of Court Registry." *Id.* at p. 21.

[3] Rec. Doc. 19.

## I. Background

### A.    *Factual Background*

On April 13, 2012, Plaintiff, acting *pro se*, filed a complaint against British Petroleum.[4] On July 31, 2012, Plaintiff filed an amended complaint in that action.[5] On March 8, 2013, the Court issued an Order instructing Plaintiff to amend her complaint, as the Court could not determine subject matter jurisdiction from it.[6] In lieu of filing an amended complaint, Plaintiff requested that the Court allow her to instead provide it with potentially privileged or confidential documents without Defendant being able to see them.[7] With the consent of the Defendant, the Court permitted Plaintiff to submit these documents for an *in camera* review in order for the Court to determine the basis of Plaintiff's claim, whether she was the proper person to bring these claims, and whether the Court had subject-matter jurisdiction.[8] On November 27, 2013, the Court granted Plaintiff's motion for leave to amend her complaint and Plaintiff's second amended complaint was filed the same day.[9]

On March 17, 2014, the Court granted Defendant's motion to dismiss and dismissed Plaintiff's claims with prejudice.[10] Plaintiff appealed, and her appeal was dismissed by the United States Court of Appeals for the Fifth Circuit on May 29, 2014.[11] Plaintiff then filed a "Motion to

---

[4] *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 1.

[5] *Id.* at Rec. Doc. 13.

[6] *Id.* at Rec. Doc. 29.

[7] *Id.* at Rec. Doc. 30.

[8] *Id.*

[9] *Id.* at Rec. Docs. 61; 62.

[10] *Id.* at Rec. Doc. 101.

[11] *Id.* at Rec. Doc. 121.

Leave and Motion to File for a New Trial" and a "Motion for Stay of Enforcement of Order and Pending Appeals Without Obligation of Posting Supersede [sic] Appeal Bond," which the Court denied, and denied as moot, respectively, on November 14, 2014.[12]

Plaintiff then filed a "Motion for Leave to File Plaintiff's Extraordinary Writ of Prohibition Docketed on November 6, 2014 in the United States Supreme Court," in which Plaintiff appeared to request leave to file into the record a document indicating that the United States Supreme Court docketed a "petition for writ of prohibition" filed by Plaintiff.[13] Plaintiff also filed a "Motion for Leave to Response to Plaintiff's Opposition to Counsel for Defendant's Motion to Leave to File Opposition to Plaintiff's Extraordinary Writ of Prohibition Docketed in the United States Supreme Court on November 6, 2014."[14] On July 8, 2015, the Court denied the motions on the grounds that the matter was closed and the Court lacked a basis to take any further action.[15] The Court also instructed the Clerk of Court to be served with a copy of the Order "so that filings in this matter are properly screened in the future."[16]

**B.    *Procedural Background***

On May 28, 2015, Plaintiff, acting *pro se*, filed the complaint in the above-captioned matter against British Petroleum.[17] Plaintiff filed an amended complaint on June 22, 2015.[18] On July 24,

---

[12] *Id.* at Rec. Doc. 125.

[13] *Id.* at Rec. Doc. 126-1.

[14] *Id.* at Rec. Doc. 130.

[15] *Id.* at  Rec. Doc. 131.

[16] *Id.*

[17] Rec. Doc. 3.

[18] Rec. Doc. 5.

2015, Defendant filed a "Rule 12(b) Motion to Dismiss or, Alternatively, Motion for More Definite Statement."[19] Plaintiff filed a "Motion for Certification of Certified Question in Civil Action 15-1726" on August 8, 2015.[20] Both of these motions are pending before the Court.

On August 11, 2015, Plaintiff filed the instant motion.[21] On August 25, 2015, Defendant filed its opposition.[22] Plaintiff requested leave to file an affidavit in support of the motion for recusal on September 19, 2015, which was granted.[23] Since filing her motion for recusal, Plaintiff has also filed a "Motion for Intervention of the United S[t]ates Attorney General Washington, DC Pursuant to Rule 24(a)(2)(3) and Related Rules (19), 42 200h-2 Joiner of Person's Needed for Just Adjudication."[24]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of Her Motion*

Plaintiff moves this Court to recuse itself in the instant case pursuant to "Article VI of the United States Constitution," stating that "[t]he Federal Courts, have a constitutional Obligation to safeguard personal liberties and to uphold the law."[25] Plaintiff moves for the Court to recuse itself first, as a result of alleged expressions of bias and prejudice against Plaintiff in the previous action Plaintiff filed before the Court, and second, due to the Court's background as a civil litigation

---

[19] Rec. Doc. 11.

[20] Rec. Doc. 17.

[21] Rec. Doc. 19.

[22] Rec. Doc. 25.

[23] Rec. Doc. 31.

[24] Rec. Doc. 30.

[25] Rec. Doc. 19-5 at p. 3.

4

attorney in New Orleans.[26] In support, Plaintiff cites to 28 U.S.C. § 455, which provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[27] Plaintiff asserts that "the Honorable Judge has a conflict of interest, bias, or prejudice concerning the Plaintiff, in this civil action and personal knowledge of disputed evidentiary facts concerning the proceeding."[28] Plaintiff also cites to 28 U.S.C. § 144, which provides that "[w]henever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that a judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, the judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Additionally, Plaintiff cites to the Supreme Court's decision in *Liteky v. United States*,[29] asserting that "to warrant a recusal a judge's expression of an opinion about the merits of a case, or his familiarity with the facts or the parties, must have originated in a source outside the case itself."[30]

In what appears to be an attachment to her affidavit, Plaintiff also asserts that she is entitled to an evidentiary hearing on this motion before a different judge.[31]

### 1.   Allegations Regarding Appearance of Bias and Prejudice in the Court's Prior Orders

Plaintiff avers that the Court's Orders in the previous litigation she filed, *Ford v. British*

---

[26] Rec. Doc. 19 at pp. 1, 9.

[27] 28 U.S.C. § 455(a).

[28] Rec. Doc. 19 at p. 12.

[29] 510 U.S. 540 (1994).

[30] Rec. Doc. 19 at pp. 12–13.

[31] Rec. Doc. 19-5 at p. 11.

*Petroleum*, Case 12-965, "display a constant [a]ppearance of bias and prejudice."[32] First, Plaintiff contends that the Court's July 8, 2015 Order, demonstrates the appearance of bias and prejudice.[33] In the July 8 Order, the Court denied two motions filed by Plaintiff because the Court lacked a basis to take further action on the case, and stated that the "Clerk of Court be served with a copy of this Order so that filings in this matter are properly screened in the future."[34] Plaintiff argues that the Court's July 8 Order "was written to take away [her] constitutional right to file in court" and "shows a punitive infraction on the Clerk of Court."[35] Additionally, Plaintiff argues that, although Defendant failed to include a memorandum of support with two of its motions, the Court did not provide an instruction to the Clerk of Court, as the Court did in response to Plaintiff's filings.[36] Plaintiff contends that this "confirms Plaintiff's statement of Conflict of Interest Appearance of Bias and Prejudice Apparent in Judge Brown's Order(s)."[37]

Second, Plaintiff contends that the Court's March 15, 2013 Order also displays bias and prejudice because Plaintiff was ordered to bring all evidence on British Petroleum to the Court's chambers.[38] It appears that Plaintiff is arguing that it is a "Civil Rights violation of the Plaintiff's 14th Amendment due process of law" for the Court to order Plaintiff to produce discovery evidence "to Counsel for Defendant in the chambers before a trial in order for the Counsel for Defendant to

---

[32] Rec. Doc. 19 at p. 1.

[33] *Id.*

[34] *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 131.

[35] Rec. Doc. 19 at p. 8.

[36] *Id.* at p. 5.

[37] *Id.*

[38] *Id.*

allegedly assist Plaintiff."[39]

Third, Plaintiff argues that the Court's July 23, 2013 Order, in which Plaintiff asserts that she was ordered to bring a completed IRS tax form to a status conference, also displays "the depth of the perceived appearance of bias and prejudice" because Internal Revenue Service records are confidential and private citizen's taxes are private.[40] Additionally, Plaintiff contends that defense counsel could have received her tax records as well had she signed the tax form.[41] Plaintiff contends that her treatment by the court resulted in a denial of her civil rights under "USC 42 200(d)"and the 14th Amendment.[42]

Plaintiff also appears to argue in her Affidavit that it was unfair for the Court to grant Defendant an extension of time to respond to her complaint because she does not have access to electronic filing and therefore was unable to file her opposition to the motion for extension of time before the Court granted the motion.[43] Plaintiff also makes several arguments about the "non-citations rules for unpublished opinions," including that they "make the judicial system more efficient, [and] they protect the individual rights of litigants, particularly the most disadvantaged litigants to a measure of fairness in the judicial system."[44]

Additionally, Plaintiff argues that her rights were further violated by "Defendant's First Set

---

[39] *Id.* at p. 2.

[40] *Id.*

[41] *Id.* at p. 3.

[42] *Id.*

[43] Rec. Doc. 19-5 at p. 4.

[44] *Id.* at p. 6.

of Interrogatories, Requests for Production of Documents and Requests for Admission of Fact Propounded to Plaintiff Brendia Joycia Ford."[45] In support, she cites to a letter from counsel for Defendant. In this letter, counsel for Defendant notified Plaintiff that a copy of the set of interrogatories had been sent to Plaintiff's post office box via certified mail, that Defendant had tracked the mail and learned that the document had not yet been picked up, and that the deadline for her responses would be based upon the date that the document had been sent.[46] Plaintiff alleges that this was a violation of Federal Rule of Civil Procedure 5(b)(2)(c), which provides for service by mail to a party's last known address and states that service is complete upon mailing.[47] Plaintiff also cites to two more letters from defense counsel,[48] a document titled "Notice of Submission of Plaintiff's Motion to Leave to File Plaintiff's Compliance to Scheduling [sic] Order on Presentation of Experts [sic] Witnesses in the Civil Case of Brendia Joycia Ford vs. British Petroleum Production Corporation Approved To Do Business in the U.S.A. by British Petroleum London Chairman (CEO) of the Corporation,"[49] Oil, Gas, and Mineral Lease documents,[50] a document titled "Notice of Submission of Plaintiff's Motion to Leave to File of the Plaintiff's Response to Defendant's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission of Fact

---

[45] Rec. Doc. 19 at p. 3.

[46] *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 104-2 at p. 187.

[47] Rec. Doc. 19 at p. 3.

[48] *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 104-2 at pp. 188, 194.

[49] *Id.* at pp. 197–205.

[50] *Id.* at pp. 207–09, 211–28.

Propounded to Plaintiff Brendia Joycia Ford,"[51] and a document titled "Plaintiff's Response to Defendant's First Set of Interrogatories, Requests for Production of Documents and Requests for Admission of Fact Propounded to Plaintiff Brendia Joycia Ford."[52] Plaintiff asserts that "Counsel for Defendant not only served the plaintiff with the First Set of Interrogatories without the Court intervention, then when the plaintiff questioned the application the plaintiff was sanctioned."[53] Plaintiff avers that the "orders w[ere] utilized to obtain information for the Counsel for Defendant."[54] Plaintiff contends that the filings listed above constitute "continual appearance of bias and prejudice appearance and a definite conflict of interest."[55]

Finally, Plaintiff moves for recusal on the basis that the dismissal of her previous case was not justified. Plaintiff contends that dismissal with prejudice in this case was a "harsh sanction, not justified under the facts."[56] Plaintiff asserts that she had failed to join necessary and indispensable parties and thus the dismissal should have been without prejudice.[57] Plaintiff asserts that counsel for Defendant "is the only counsel that should have been charged with dismissal" because counsel for Defendant sent Defendant's "Rule 12(b) Motion to Dismiss Or, Alternatively, Motion For More Definite Statement,"[58] to the wrong address, despite Plaintiff producing an affidavit stating that she

---

[51] *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 104-3 at p. 3.

[52] *Id.* at p. 5.

[53] Rec. Doc. 19 at pp. 3–4.

[54] *Id.* at p. 4.

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] Rec. Doc. 11.

had never lived there.[59] Plaintiff contends that the appearance of bias, prejudice, and conflict of interest is "overwhelming."[60]

### 2.    Allegations of Conflict of Interest and Appearance of Bias and Prejudice due to the Court's Background as a Civil Litigation Attorney in New Orleans

Plaintiff also contends that the Court's previous work as an attorney in New Orleans creates a conflict of interest as well as the appearance of bias and prejudice.[61] In support, Plaintiff contends that the Court recused itself in a prior case against "B.P. Supervisors" "because [the Judge] worked on civil litigation."[62] Plaintiff asserts that "[t]he question is '[w]hether the Judge deliberately forgot the fact that was a B. P. PLC Civil Case or did she consciously with malice defy the law?"[63] Plaintiff contends that "with the Honorable Judge's background as an Attorney for civil litigation, and if a judge fails to recuse themselves sua sponte and a party believes the Judge has bias, the party may Motion for substitution if this case is a Conflict of Interest."[64] In support, Plaintiff attached several documents to her motion, including news articles discussing prior instances where the Court had recused itself,[65] an article on a website opining that the Court should have recused itself in a prior case involving environmental issues because the Judge specialized in environmental law as a

---

[59] Rec. Doc. 19 at p. 4.

[60] *Id.* at p. 5.

[61] *Id.* at p. 9.

[62] *Id.*

[63] *Id.* at p. 10.

[64] *Id.* at p. 12.

[65] Rec. Doc. 19-1 at pp. 2–3; 5–7.

lawyer,[66] and the Orders and Minute Entries from Plaintiff's previous litigation.

## B.       *Defendant's Arguments in Opposition*

In its opposition, Defendant addresses what it asserts are "several misleading allegations."[67] Defendant also contends that the Judge's previous work as an attorney does not provide a basis for recusal on a claim by Plaintiff of bias or prejudice.[68]

First, Defendant responds to Plaintiff's assertion that she was ordered to bring all of her evidence on Defendant, including confidential records, to the Court's chambers. Defendant contends that Plaintiff's motion mischaracterizes what occurred during the March 13, 2013 status conference. Citing the Court's Minute Entry dated March 13, 2013, Defendant asserts that the Court set a status conference for the purpose of speaking with Plaintiff in order for the Court to understand the type of claim Plaintiff was alleging and the basis for the Court's jurisdiction.[69]  Defendant asserts that when the Court asked Plaintiff to produce the documents she believed would establish the basis for her claim against Defendant, Plaintiff immediately requested an *in camera* review of those document due to concerns about privileged or confidential information[70] Defendant contends that the Court granted the request and Plaintiff's assertion that she was forced "to produce discovery evidence to the Counsel for Defendant" is false because at no time did the Court release the documents to

---

[66] *Id.* at pp. 19–20.

[67] Rec. Doc. 25 at p. 1.

[68] *Id.* at p. 6.

[69] *Id.* at p. 2 (citing Rec. Doc. 25-1).

[70] *Id.*

11

Defendant.[71]

Second, Defendant contends that Plaintiff misrepresents the Court's inquiry into Plaintiff's tax situation.[72] Citing the Court's July 23, 2013 Order,[73] Defendant explains that "[t]he Court's inquiry into Plaintiff's tax situation - by directing Plaintiff to attempt to obtain copies of the annual tax returns listed on the IRS lien or other relevant tax information - was nothing more than an effort to determine whether or not Plaintiff's tax lien problems indeed sprang, directly or if at all, from some otherwise inexplicable payment default by Defendant."[74] Defendant asserts that except for the tax lien itself, which Plaintiff included as an exhibit to several pleadings, "neither Defendant nor its counsel ever received any tax information, confidential or otherwise, from either Plaintiff or the Court addressing either the basis for the issuance of the tax lien or the supposed liability of Defendant to pay royalties."[75]

Third, Defendant asserts that Plaintiff's contention that she should not have been required to turn over evidence is unpersuasive because Plaintiff had the initial burden of proving her claim.[76] Fourth, Defendant asserts that the numerous allegations in the Motion for Recusal regarding alleged ill treatment of her by counsel for Defendant are "absolute nonsense."[77] Fifth, in response to

---

[71] *Id.* at p. 3.

[72] *Id.*

[73] Rec. Doc. 25-1.

[74] Rec. Doc. 25 at p. 3.

[75] *Id.*

[76] *Id.* at p. 4.

[77] *Id.*

Plaintiff's assertion that the Defendant failed twice to comply with Local Rule 7.4, which requires all contested motion to be accompanied by separate memoranda, Defendant contends that Plaintiff misunderstands the procedural requirements and that "Defendant has properly not filed briefs separate from its oppositions to Plaintiff's motions."[78]

Next, Defendant turns to its arguments in opposition to the motion for recusal. Defendant argues that Plaintiff's Motion for Recusal includes neither an affidavit nor a certificate of good faith,[79] as required under 28 U.S.C. § 144, which provides that a judge must recuse himself when a party makes and files a timely and sufficient affidavit alleging personal bias or prejudice against or in favor of any adverse party. Defendant asserts that Plaintiff first raised allegations of bias or prejudice in her 2014 application to the Supreme Court, thirty months after the action was filed by Plaintiff and more than six months after the Court entered its final judgment in that action.[80] Defendant contends that "[t]he Supreme Court found nothing unwarranted about Judge Brown's actions in the trial and denied Plaintiff's application."[81]

In response to Plaintiff's claim that the Court should recuse itself in this case because it has recused itself in the past due to the Judge's previous work as an attorney, Defendant contends that the Judge's "prior involvement in oil spill claims for the City of New Orleans was at that time adverse only to Defendant, and so did not provide, and does not provide now" a basis for recusal on

---

[78] *Id.* at p. 5.

[79] *Id.* Plaintiff has since requested and the Court has granted Plaintiff leave to file an affidavit. Rec. Docs. 31; 32. Plaintiff has not submitted a certificate that the affidavit is made in good faith.

[80] Rec. Doc. 25 at p. 5.

[81] *Id.* at pp. 5–6.

a claim by Plaintiff.[82] Addressing Plaintiff's attachment of a newspaper article accusing the Court

of undue favoritism toward oil and gas companies as a result of the Court's ruling in a high-profile

case, Defendant contends that one ruling alone cannot serve as the basis for recusal of the Court in

all lawsuits involving similar-situated parties.[83] Furthermore, Defendant contends that Plaintiff does

not explain how the Court's ruling in that case proves the Court's personal bias or prejudice against

Plaintiff, or in favor of Defendant.[84]

Lastly, Defendant asserts that this is an "obvious attempt by Plaintiff to 're-route' to another

judge supposedly new litigation, but in reality an action that raises the very same claim asserted by

Plaintiff in her 2012 Action."[85]

### III. Analysis

#### A.   *Legal Standard on a Motion to Recuse*

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States

shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned." "The goal of section 455(a) is to avoid even the appearance of partiality."[86] The Court

must therefore determine "whether a reasonable and objective person, knowing all of the facts,

would harbor doubts concerning the judge's impartiality."[87] Although section 455 contains

---

[82] *Id.* at p. 6.

[83] *Id.*

[84] *Id.*

[85] *Id.* at p. 7.

[86] *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

[87] *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg,* 486 U.S. at 860–61).

mandatory language, in application, "the decision to recuse is committed to the sound discretion of the trial court . . . ."[88] However, "[i]f the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal."[89]

The Fifth Circuit has found that "[s]ubstantively, [28 U.S.C. §§ 144 and 455(a)] are quite similar, if not identical."[90] Under 28 U.S.C. § 144, however, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "A judge must pass on the legal sufficiency of the affidavit, but not on the truth of the matters alleged."[91] "An affidavit is sufficient if it alleges facts that, if true, would convince a reasonable person that bias exists."[92] A recusal motion under this statute is also committed to the sound discretion of the district judge.[93]

## B.    Recusal Pursuant to 28 U.S.C. § 455(a)

### 1.    Allegations Regarding Appearance of Bias and Prejudice in the Court's Prior Orders

Plaintiff first contends that the Court should recuse itself in this case because the Court's

---

[88] *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997).

[89] *Id.* (quoting *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995) (per curiam)).

[90] *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1019 (5th Cir. 1981).

[91] *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.* 690 F.2d 1157, 1165 (5th Cir. 1982) (citing *Berger v. United States*, 255 U.S. 22 (1921).

[92] *Id.* (citing *Phillips*, 637 F.2d at 1019).

[93] *Chitimacha Tribe of Louisiana*, 690 F.2d at 1166.

treatment of Plaintiff "display[s] a constant Appearance of bias and prejudice."[94] In support, Plaintiff cites to an Order of the Court dated March 13, 2013, in which the Court ordered Plaintiff to bring into chambers any documents that Plaintiff believed supported her position or that would be helpful to the Court in making its determination as to whether the Court had subject matter jurisdiction.[95] The Court had ruled on March 8, 2013, that it was unable to conclude that it had subject matter jurisdiction from the face of Plaintiff's Amended Complaint.[96]  In light of the fact that Plaintiff was proceeding without the benefit of counsel, and in an effort to better understand Plaintiff's basis for the claim and her assertion for the basis of subject matter jurisdiction, the Court held a status conference.[97] The Court ordered Plaintiff to provide the Court with documents to support her claim and granted Plaintiff's request that the Court conduct an *in camera* review due to concerns about potentially privileged or confidential documents.[98] Contrary to Plaintiffs' assertion, the review of the documents was done *in camera*, therefore, Plaintiff was not required to produce confidential documents to counsel for Defendant.

Next, Plaintiff argues that the Court's July 23, 2013 Order also displays bias and prejudice against her because she was ordered to provide confidential documents regarding her taxes.[99] Plaintiff claimed in the prior litigation, *inter alia*, that Defendant was benefitting from minerals

---

[94] Rec. Doc. 19 at p. 1.

[95] Rec. Doc. 25-1.

[96] *Ford v. British Petroleum,* No. 12-965, Rec. Doc. 29.

[97] Rec. Doc. 25-1.

[98] *Id.*

[99] Rec. Doc. 19 at p. 2.

derived from property owed by the trust she represented as trustee and that the IRS had a federal tax lien on the trust property.[100] In having Plaintiff fill out the IRS forms, the Court was directing Plaintiff to the source by which she could obtain a copy of her own tax information. The information obtained by filling out the form would have been sent to Plaintiff.

Plaintiff also contends that the Court's July 8, 2015 Order, in which the Court instructed the Clerk of the Court to ensure that filings in this matter are properly screened in the future, also demonstrates prejudice against her.[101] Following the Court's dismissal of the case with prejudice on March 17, 2014, Plaintiff filed an appeal, which was dismissed, as well as numerous post-judgment motions, which were denied.[102] At the time the July 8 Order was filed, the matter was closed and the Court lacked any basis to take any further action. Yet, Plaintiff continued to file pleadings into that record. Plaintiff asserts that this Order "was written to take away [her] constitutional right to file in court,"[103] however, as demonstrated by the instant action, Plaintiff was not prevented from filing a new lawsuit, and therefore, her rights were not adversely affected.

Plaintiff additionally cites to several documents that she asserts "constitute continual appearance of bias and prejudice and a definite conflict of interest."[104] However, Plaintiff does not specify what these documents are or how they support her motion for recusal. Plaintiff also makes several allegations against counsel for Defendant and asserts that these actions support her claim that

---

[100] *Ford v. British Petroleum,* No. 12-965, Rec. Doc. 13.

[101] Rec. Doc. 19 at p. 1.

[102] *Ford v. British Petroleum,* No. 12-965, Rec. Doc. 131.

[103] Rec. Doc. 19 at p. 8.

[104] *Id.* at pp. 3–4.

17

the "orders was [sic] utilized to obtain information for the Counsel for Defendant."[105] As discussed above, the information Plaintiff was ordered to produce was necessary for the Court to determine whether the Court had jurisdiction and whether Plaintiff had properly stated a claim.

Finally, Plaintiff asserts that her claim should not have been dismissed with prejudice because such a dismissal "is a harsh sanction, [and was] not justified under the facts."[106]

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . Almost invariably, they are proper grounds for appeal, not for recusal."[107] The Supreme Court has also instructed that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[108] Such comments, however, may support a bias or partiality challenge "if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[109]

Plaintiff's claims are all based upon the Court's orders issued during the course of the litigation. Plaintiff, however, has appealed the Court's Order dismissing her case with prejudice and her appeal was dismissed.[110] Plaintiff identifies no extrajudicial source of any alleged bias and

---

[105] *Id.* at p. 4.

[106] *Id.*

[107] *Liteky*, 510 U.S. at 555.

[108] *Id.*

[109] *Id.* (emphasis in original).

[110] *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 121.

prejudice relating to any of the Court's Orders. Nor has Plaintiff made any showing that any portion of any Order "reveals such a high degree of favoritism or antagonism as to make fair judgment impossible."[111] The example provided by the Supreme Court of a statement that would make fair judgment impossible was a district judge's statement that "[o]ne must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans [because their] hearts are reeking with disloyalty."[112] The Orders issued by the Court do not raise any doubt regarding this Court's impartiality, let alone anything that would "make fair judgment impossible." Accordingly, a reasonable and objective person, knowing all of the facts, would not harbor doubts concerning the Court's impartiality on the basis of the Court's Orders and treatment of Plaintiff. Therefore, the Court finds that the motion for recusal on the grounds that the Court's prior Orders show bias and prejudice against Plaintiff is without merit.

### 2. Allegations of Conflict of Interest and Appearance of Bias and Prejudice due to the Court's Background as a Civil Litigation Attorney in New Orleans

Plaintiff also contends that the Judge's previous work as an attorney in New Orleans creates a conflict of interest and an appearance of bias and prejudice in this case.[113] In support, Plaintiff cites the Court's recusal in a criminal case involving BP executives accused of crimes allegedly arising out of action/inaction leading to the BP oil spill, where the Court recused itself on the grounds that it had previously worked on BP oil spill civil litigation possibly implicating the executives as the

---

[111] *See Liteky*, 510 U.S. at 555.

[112] *Id.*

[113] Rec. Doc. 19 at p. 9.

City Attorney for the City of New Orleans.[114] Plaintiff also identified two other cases in which the Court has recused itself[115] and cites to an article on a website opining that the Court should have recused itself in a prior case involving environmental issues rather than dismiss it because the Judge had specialized in environmental law as a lawyer.[116] Plaintiff makes no argument, however, regarding how the Judge's previous work creates a conflict or an appearance of bias or prejudice in the instant case.

The Fifth Circuit has instructed that each case for recusal under 28 U.S.C. § 455(a) is "extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence."[117] Plaintiff has not identified anything about the Court's previous work that would make a reasonable and objective person, knowing all of the facts, harbor doubts concerning the Court's impartiality in its adjudication of this case. The Court previously recused itself from the BP oil spill matter because, as an attorney, she was involved and/or supervised attorneys involved in that civil case. Plaintiff has not pointed to any conflict or potential conflict with the Court presiding over this matter, which is completely unrelated to the BP civil oil spill case, or anything that would indicate any conflict or potential conflict because of the Judge's prior representation of any party in any matter, let alone any matter currently before this Court. The Court is unaware of any such prior representation which would or could create a conflict with its presiding over this or the previous matter between these parties.

---

[114] *Id.* at p. 10.

[115] Rec. Doc. 19-1 at pp. 1–7.

[116] *Id.* at pp. 19–20.

[117] *United States v. Jordan*, 49 F.3d 152 (5th Cir. 1995).

In addition, Plaintiff asserts that the Court has personal knowledge of disputed evidentiary facts concerning the proceeding.[118] Plaintiff never identifies what those facts are, however, to the extent that Plaintiff argues that the Court's adjudication of her previous case constitutes personal knowledge, the argument is not persuasive. "Facts learned by a judge in her judicial capacity regarding the parties before the court, whether learned in the same or in a related proceeding, cannot be the basis for disqualification."[119] Therefore, Plaintiff has failed to assert that the Court has personal knowledge of disputed evidentiary facts concerning the proceeding that would cause the Court to recuse itself. Accordingly, the Court finds that the motion to recuse under 28 U.S.C. § 455(a) is without merit.

## C.     Recusal Pursuant to 28 U.S.C. § 144

As noted above, when a party moves for recusal under 28 U.S.C. § 144, "[a] judge must pass on the legal sufficiency of the affidavit, but not on the truth of the matters alleged."[120] "An affidavit is sufficient if it alleges facts that, if true, would convince a reasonable person that bias exists."[121]

In Plaintiff's affidavit,[122] she attests that the Court granted Defendant an extension of time to respond to Plaintiff's complaint before Plaintiff was able to file an objection.[123] Plaintiff also

---

[118] Rec. Doc. 19 at p. 12.

[119] *Conkling v. Turner*, 138 F.3d 577, 592 (5 Cir. 1998) (quoting *Lac Du FlamBeau Indians v. Stop Treaty Abuse-Wis.*, 991 F.2d 1249, 1255–56 (7th Cir. 1993)).

[120] *Chitimacha Tribe of Louisiana,* 690 F.2d at 1165 (citing *Berger v. United States*, 255 U.S. 22 (1921)).

[121] *Id.* (citing *Phillips*, 637 F.2d at 1019).

[122] Originally, Plaintiff did not file an affidavit. However, the Court granted Plaintiff leave to file an affidavit, after this motion was submitted, to support her motion for recusal. Rec. Doc. 31-3.

[123] Rec. Doc. 19-5 at p. 4.

attests that on March 17, 2014, the Court issued a final judgment dismissing her claims with prejudice.[124] Plaintiff further attests that the Court issued an Order dated July 8, 2015, advising the Clerk of Court to ensure that filings in the matter are properly screened in the future.[125] Plaintiff attests that counsel for Defendant has "set in motion for some unconscionable scheme calculated to interfere with the judicial System's ability to impartially adjudicate a matter by alleging improperly influencing the tier of facts, and or unfairly hampering the presentation of the party's by the introduction of this court order that place [sic] the Clerk of Court in a position to increase scrutiny on any of Plaintiff's further pleadings."[126] In addition, Plaintiff attests that the Court has not removed itself voluntarily as it did in "the previous B.P. PLC cases."[127] Plaintiff also attests that the Court "did not follow the general rule and that too warrants recusal."[128]

The Court has addressed, *supra*, the substance of the Court's prior orders cited by Plaintiff. Plaintiff's affidavit does not contain any additional facts pertaining to this Court's alleged bias beyond those previously discussed. And so, even if taken as true, Plaintiff's affidavit does not present an issue requiring recusal by the Court. In her affidavit, Plaintiff also attests that counsel for Defendant has engaged in inappropriate behavior, however, that is not a fact concerning the Court's actions. Furthermore, Plaintiff's conclusory statements, such as "the Honorable Judge has a conflict

---

[124] *Id.* at p. 3.

[125] *Id.* at p. 5.

[126] *Id.* at p. 8.

[127] *Id.* As addressed *supra*, Plaintiff has not pointed to anything, nor is the Court aware of anything, that would indicate that the Court represented BP or Plaintiff in any matter, let alone any matter currently before this Court.

[128] *Id.*

of interest, bias or prejudice concerning Plaintiff, in this civil litigation and personal knowledge of disputed evidentiary facts concerning the proceeding," and Plaintiff's statements of opinion, such as "[the July 8, 2015] Order was written to take away my constitutional right to file in court,"[129] are legally insufficient.[130]

Accordingly, for the reasons listed above, the Court finds that the affidavit is legally insufficient to require recusal because the facts, taken as true, would not convince a reasonable person that bias exists.

### IV. Conclusion

Accordingly;

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Recusal and Motion for Substitution"[131] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___22nd___ day of September, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[129] *Id.* at p. 5.

[130] *See United States v. Merkt*, 794 F.2d 950, 961 (5th Cir. 1986) (citing *United States v. Ballistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985)).

[131] Rec. Doc. 19.