## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRENDIA JOYCIA FORD**                    **CIVIL ACTION**

**VERSUS**                                             **NO. 15-1726**

**BRITISH PETROLEUM, PLC**                  **SECTION: "G"(2)**

### ORDER AND REASONS

In this litigation, Plaintiff Brendia Joycia Ford alleges that, as Trustee of the James A. Ford-William Willie Bradford Irrevocable Living Trust, she is responsible for an outstanding tax debt and the IRS has filed a federal tax lien in an effort to collect those taxes.[1] Plaintiff alleges that Defendant British Petroleum, PLC, has not stopped drilling on certain lands and has failed to "pay any arrears funds."[2] Pending before the Court is Defendant British Petroleum, PLC's "Rule 12(b) Motion to Dismiss or Alternatively, Motion for More Definite Statement."[3] Having reviewed the motion, the memorandum in support, the memoranda in opposition, the record, and the applicable law, the Court will grant the motion.

---

[1] Rec. Doc. 3-1 at pp. 6, 18.

[2] *Id.* at pp. 6, 8. Plaintiff does not identify those lands but states that "the Plaintiff was the recipient of a ten million U.S. dollars Tax Lien and the Defendant has not stopped drilling on these lands without the Trustee of the James A. Ford-William Willie Bradford Irrevocable Living Trust's written contractual agreement." *Id.* at p. 6. Plaintiff also alleges that "the United States Attorney General must intervene because the defendant British Petroleum PIC did not maintain their court filed agreement placed during the start of drilling to place these arrears funds into a Clerk of Court Registry." *Id.* at p. 21.

[3] Rec. Doc. 11.

# I. Background

## A.  *Factual Background*

On April 13, 2012, Plaintiff, acting *pro se*, filed a complaint against British Petroleum.[4] On March 17, 2014, the Court granted Defendant's motion to dismiss and dismissed the case with prejudice, on the grounds that Plaintiff, in her several amended complaints, had failed to state a claim upon which relief can be granted.[5] Plaintiff appealed, and her appeal was dismissed by the United States Court of Appeals for the Fifth Circuit on May 29, 2014.[6]

## B.  *Procedural Background*

On May 28, 2015, Plaintiff, acting *pro se*, filed the complaint in the above-captioned matter against British Petroleum.[7] Plaintiff filed an amended complaint on June 22, 2015.[8] On July 24, 2015, Defendant filed the instant motion.[9] Plaintiff filed her opposition on August 3, 2015.[10]

Plaintiff also filed a "Motion for Certification of Certified Question in Civil Action 15-1726" on August 8, 2015.[11] On August 11, 2015, Plaintiff filed a motion seeking that the Court recuse

---

[4] *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 1.

[5] *Id.* at Rec. Doc. 101.

[6] *Id.* at Rec. Doc. 121.

[7] Rec. Doc. 3.

[8] Rec. Doc. 5.

[9] Rec. Doc. 11.

[10] Rec. Doc. 15.

[11] Rec. Doc. 17.

itself.[12] The Court denied the motion for recusal on September 22, 2015.[13] Plaintiff has also filed a "Motion for Intervention of the United S[t]ates Attorney General Washington, DC Pursuant to Rule 24(a)(2)(3) and Related Rules (19), 42 200h-2 Joiner of Person's Needed for Just Adjudication."[14]

## II. Parties' Arguments

**A.    Defendant's Arguments in Support of its Motion to Dismiss or Alternatively, for a More Definite Statement**

Defendant moves to dismiss this case on the grounds that (1) the Court lacks subject matter jurisdiction over this case; (2) Plaintiff has failed to state a claim upon which relief can be granted; and (3) Plaintiff's claims are barred by the doctrine of *res judicata*.[15] In the alternative, Defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[16]

First, Defendant contends that, although Plaintiff appears to assert that the Court has federal question jurisdiction, "the Complaint does not set forth any specific act of Congress and furthermore does not explain how the constitutionality of any such statute has been called into question as part of a supposed dispute between Plaintiff and Defendant."[17] Defendant avers that, in the event Plaintiff asserts that the Court has diversity jurisdiction, Plaintiff has not made the required allegations concerning the diversity of citizenship of the parties and the amount in controversy.[18]

---

[12] Rec. Doc. 19.

[13] Rec. Doc. 33.

[14] Rec. Doc. 30.

[15] Rec. Doc. 11-1 at p. 2.

[16] *Id.* at p. 7.

[17] *Id.* at p. 2.

[18] *Id.* at p. 3.

Second, Defendant contends that Plaintiff has failed to articulate any justiciable claim in either her complaint or amended complaint.[19] According to Defendant, Plaintiff alleges that its "federal tax liability arose because of some unexplained action or omission by [Defendant]," that "[Defendant] did not maintain their court filed agreement placed during the start of drilling to place these arrear funds into a Clerk of Court Registry," and "Defendant has not stopped drilling on lands without the Trustee of the James A. Ford-William Willie Bradford Irrevocable Living Trust's written agreement."[20] Defendant contends that the complaint, as written, does not state a claim upon which relief can be granted.[21]

Third, Defendant asserts that Plaintiff's claim is barred by the doctrine of *res judicata*.[22] Defendant contends that, in this case, Plaintiff relies upon "the same conclusory factual allegations" as she did in her previous case, including the allegations that the Defendant owes money to Plaintiff or to a trust but has not paid that money, and that Defendant has allegedly deposited sums of money into "court registries" but has failed or refused to allow Plaintiff or the trust to receive or access those funds.[23] Defendant maintains that Plaintiff's claims in these two cases appear to be identical: that "[Defendant] owes money to, or has kept money from, Plaintiff or her trust, which money could be used to pay off Plaintiff's federal tax liability, and so Plaintiff is entitled to recover that money."[24]

Defendant states that the previous case was dismissed by this Court with prejudice on March

---

[19] *Id.* at p. 4.

[20] *Id.* at pp. 4–5.

[21] *Id.* at p. 5.

[22] *Id.*

[23] *Id.*

[24] *Id.*

17, 2014, the Fifth Circuit dismissed Plaintiff's appeal on May 21, 2014 and denied her request for a rehearing, and Plaintiff's writ application to the Supreme Court was denied in January 2015.[25] Defendant contends that the case is barred by *res judicata* because the parties to both actions are identical, a court of competent jurisdiction, this Court, rendered a judgment of dismissal with prejudice in the previous case, there was a final judgment on the merits, and both this case and the previous case involve the same claim or cause of action.[26]

In the alternative, Defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[27] Defendant contends the allegations in the complaint are "ambiguous, vague and confusing such that Defendant cannot reasonably be required to frame a proper responsive pleading."[28]

### B.     *Plaintiff's Arguments in Opposition*

Plaintiff contends that the Court has subject matter jurisdiction over this case because her complaint is based on a federal question.[29] Plaintiff asserts that her claims arise from a "denial of her constitutional rights to freedom of speech and due process arising under the 1st and 14th Amendments and 5th Amendment of the U.S. Constitution, and the District Court has the jurisdiction to adjudicate the general constitutionality."[30] According to Plaintiff, "[t]his case presents the Court with an issue of profound and urgent public importance – whether the plaintiff has a due

---

[25] *Id.* at p. 6.

[26] *Id.*

[27] *Id.* at p. 7.

[28] *Id.* at p. 8.

[29] Rec. Doc. 15-1 at p. 2.

[30] *Id.* at pp. 2–3.

process right to the 1st and 14th Amendment in compliance with the federal tax lien laws pursuant to the Congress of the United States to protect against possible incarceration."[31] Plaintiff contends that the due process challenge in this case involves both property and liberty interests.[32]

Plaintiff contends, first, that the case involves an inquiry of "whether there has been a significant deprivation or threat of a deprivation of property rights" and second, "whether there is sufficient federal (IRS) Department of Treasury involvement of that deprivation to trigger the Due Process Clauses."[33] Plaintiff asserts that "the federal action amounts to the deprivation or threats of a deprivation of a cognizable property interest, the court proceeds to the second 'tier' to then determine what procedure(s) safeguards are required to protect that interest."[34] Citing *Mathews v. Eldridge*,[35] Plaintiff avers that the Court uses a three-factor test to assess what safeguards are necessary to pass muster under the Due Process Clause.[36] According to Plaintiff, these factors are (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute safeguards; and (3) the Government's interest in the civil action.[37] Plaintiff asserts that the private interest that will be affected by the official action is "[t]he Federal Income Taxes provided Federal Subsidies to the Defendant through these taxes," and the Government's interest

---

[31] *Id.* at p. 3.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] 424 U.S. 319 (1976).

[36] Rec. Doc. 15-1 at p. 3.

[37] *Id.*

is the "$10,062,642.24 million dollars including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail . . . ."[38] Plaintiff maintains that the deprivation she has suffered "pursuant to the 14th Amendment is caused by the exercise of some right or privilege created by the Federal Law."[39]

Plaintiff also avers that the Court has diversity jurisdiction.[40] In support, Plaintiff asserts that "[t]he Plaintiff through the Tax Lien has been denied the United States citizenship to own property without wrongful prosecution."[41]

Plaintiff does not specifically address Defendant's argument that the complaint fails to state a claim upon which relief may be granted. Plaintiff does respond, however, to Defendant's list of the factual allegations against it.[42] Plaintiff asserts that Defendant is incorrect to say that "Plaintiff, or a Trust with which she is associated owes substantial federal taxes," because she is the only person listed as owing the taxes and the lien was placed on her properties.[43]

In response to Defendant's argument that Plaintiff's claim is barred by *res judicata*, Plaintiff contends that "the requirement for RES JUDICATA was not met by the Counsel for Defendants" and that the "constitutional issue Plaintiff raised in this case as the basis for injunctive and

---

[38] *Id.*

[39] *Id.* at p. 4.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

declaratory relief was the effect of the 1st, 14th, and 5th Amendments."[44] Citing two cases from the Supreme Court of California,[45] Plaintiff additionally contends that *res judicata* should not be applied in this civil action "where application would be unjust, cases that concern matters of important public interest, or situations that may adversely impact non-parties to the action."[46] Plaintiff avers that relitigation of an issue is foreclosed by collateral estoppel principles when "(1) the issue at stake is identical to the one alleged in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation was a critical and necessary of the judgment in the earlier action."[47] Plaintiff asserts that, under this standard, none of her prior cases can serve to preclude this action.[48] Furthermore, Plaintiff avers that the previous case is not the same as this case, stating that "[i]n the case of dismissal with prejudice pursuant to Fla. Stat. 83609) [sic] the debtor must be given an opportunity to cure a deficiency in the notice with the pleading before dismissal of the action. This debt of $10,062,642.24 cannot be dismissed with a prejudicial dismissal."[49] Additionally, Plaintiff contends that, in the July 8, 2015 Order, the Court stated that Plaintiff filed a mining excavation case and, in the March 17, 2014 Order, the court does not mention the U.S. Department of Treasury Tax Lien indebtedness.[50]

---

[44] *Id.* at p. 5.

[45] *Chern v. Bank of America*, 15 Cal. 3d 866 (Cal. 1976); *Louis Stores, Inc. v. Dep't of Alcoholic Beverage Control*, 371 P.2d 758 (Cal. 1962).

[46] Rec. Doc. 15-1 at p. 5.

[47] *Id.* at p. 6 (citing *Clark v. Bear Stearns & Co.*, Inc., 966 F.2d 1318, 1320 (9th Cir. 1992)).

[48] *Id.*

[49] *Id.* at p. 8.

[50] Rec. Doc. 15 at p. 4.

Plaintiff also opposes Defendant's motion for a more definite statement.[51] Plaintiff contends that Defendant's statement that "[i]n the Prior Action Plaintiff was provided more than ample opportunity to state a claim" is false.[52] Plaintiff asserts that "Plaintiff never failed to state a claim. The claim for relief was predicated on the subject matter for this Civil Action, in conjunction pursuant to 28 U.S.C. § 1331, that the Plaintiff's claims asserted denial of her constitutional rights to freedom of speech and due process arising under the 1st, 14th, and 5th Amendments of the U.S. Constitution."[53] Plaintiff additionally requests that "the interested parties []U.S. Department of Treasury inclusive of the U.S. Internal Revenue Service and the U.S. Attorney General's Offices Washington, DC be brought in to clarify all of the Plaintiff's claims for relief concerning the Federal Tax Lien that has been placed on her (Plaintiff) and her properties so that the Counsel for Defendant can reasonably be required to frame a proper responsive pleading."[54]

### III. Law and Analysis

*A.*    ***Whether This Court Has Subject Matter Jurisdiction***

####    1.    Legal Standard

Federal courts have "limited jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."[55] A motion to dismiss for lack of subject matter jurisdiction must be

---

[51] Rec. Doc. 15-1 at p. 6.

[52] *Id.*

[53] *Id.* at pp. 6–7.

[54] *Id.* at pp. 7–8.

[55] *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

granted if the court lacks statutory authority at any time to hear and decide the dispute.[56] In fact, "[i]t is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court."[57] The party that invokes the court's jurisdiction bears the burden to allege with sufficient particularity the facts creating jurisdiction and to support the allegation if challenged.[58] Thus, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[59]

### 2.     Analysis

Plaintiff asserts that the Court has both diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), and federal question jurisdiction, pursuant to 28 U.S.C. § 1331.[60] In order for the Court to have diversity jurisdiction over this case, there must be diversity of citizenship between the parties and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.[61] In her complaint, Plaintiff does not specifically allege the citizenship of each party. In her "Statement of Parties," however, Plaintiff lists her address as a P.O. Box in Baton Rouge, Louisiana, and an address for Defendant in the United Kingdom.[62] Therefore, liberally construing the

---

[56] Fed. R. Civ. P. 12(h)(3).

[57] *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) (citing *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987), *cert. denied*, 485 U.S. 1006 (1988)); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

[58] *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (citing *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938)).

[59] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

[60] Rec. Doc. 15-1 at pp. 2–4.

[61] 28 U.S.C. § 1332(a).

[62] Rec. Doc. 3-1 at p. 5.

complaint, it appears that there may be diversity between the parties. Nevertheless, Plaintiff has also failed to allege the amount in controversy. Although Plaintiff states that Defendant has failed to pay any "arrears funds,"[63] Plaintiff does not allege how much money she is owed by Defendant, nor does Plaintiff specifically allege that the amount in controversy exceeds $75,000. Nor is Plaintiff's $10 million tax lien sufficient to satisfy the amount in controversy. The tax lien was imposed by the Internal Revenue Service and Plaintiff has not alleged any connection between the Internal Revenue Service and Defendant. Accordingly, Plaintiff has failed to meet her burden of demonstrating that the Court has diversity jurisdiction over this case.[64]

Plaintiff also contends that the Court has federal question jurisdiction. Federal district courts have jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States."[65] For this purpose, "[a] suit arises under the law that creates the cause of action."[66] Where a federal law is asserted as the basis for federal jurisdiction, this Court follows the "well-pleaded complaint rule," which holds that federal jurisdiction is properly invoked only if the federal claim appears "on the face of the plaintiff's well-pleaded complaint."[67] In her opposition, Plaintiff asserts that her claim arises pursuant to the United States Constitution under the First, Fifth, and Fourteenth

---

[63] *Id.* at p. 8.

[64] The Court found in Plaintiff's previous case that Plaintiff had stated sufficient information for the Court to conclude that it may be able to assert diversity jurisdiction. *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 100. In that case, however, Plaintiff alleged more detailed information regarding the royalties she received.

[65] 28 U.S.C. § 1331.

[66] *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916).

[67] *Elam v. Kansas City So. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

Amendments.[68] It appears that Plaintiff seeks an adjudication by this Court of "whether the plaintiff

has a due process right to the 1st and 14th Amendment in compliance with the federal tax lien laws

pursuant to the Congress of the United States to protect against possible incarceration."[69] The First,

Fifth, and Fourteenth Amendments of the United States Constitution relate to limitations on

governmental action.[70] Construing the complaint liberally, Plaintiff may be asserting that the

government should be limited in some way from putting a lien on her property to compel taxes.

However, BP is a private company and Plaintiff does not assert what connection, if any, exists

between BP and the government. Therefore, the complaint does not provide a basis for subject

matter jurisdiction in the context of this case between private parties.

      In fact, Plaintiff doesn't even allege in her complaint that her claims arise under the First,

Fifth, or Fourteenth Amendments. In her complaint, Plaintiff requests that the United States

> exercise its right to intervene in this matter pursuant to 28 U.S.C. § 2403(a) to defend
> the constitutionality of the Federal Statute removing states: Eleventh Amendment
> immunity for private claims under Title II of the Americans with Disabilities Act of
> 1990 (ADA) as applied to cases implicating integration claims, and (2) the statutory
> provisions that condition receipt of federal assistance on its agreement to waive its
> Eleventh Amendment Immunity to private damage suits alleging violations of
> Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794.[71]

Plaintiff does not assert any claim against Defendant for a violation of the Americans with

---

[68] Rec. Doc. 15-1 at p. 2.

[69] *Id.* at p. 3.

[70] *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 (1987); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 923–24 (1982); *Police Dep't. of City of Chicago v. Mosley*, 408 U.S. 92, 96 (1972) ("But, above all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content.").

[71] Rec. Doc. 3-1 at p. 7.

Disabilities Act. Plaintiff alleges that Defendant "receives from the United States American cities subsidiaries, therefore; a decade of statutory violations must be addressed publicly through a trial because of the Public Interest U.S.C. 2403."[72] However, Plaintiff does not cite the statute under which she seeks relief or what statutory violations she alleges Defendant has committed. Accordingly, as the party asserting jurisdiction, Plaintiff has not met her burden to demonstrate that the Court has federal question jurisdiction. Therefore, the Court finds that it lacks subject matter jurisdiction to hear the case.

**B.     *Whether Plaintiff Has Stated a Claim Upon Which Relief Can Be Granted***

In the alternative, assuming for the purposes of argument, that the Court has jurisdiction, the Court will address Defendant's claim that Plaintiff has failed to state a claim upon which relief can be granted.

### 1.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[73] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[74] "Factual allegations must be enough to raise a right to relief above the speculative level."[75] A claim is facially plausible when the plaintiff has pleaded facts that allow the

---

[72] *Id.* at p. 8.

[73] FED. R. CIV. P. 12(b)(6).

[74] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[75] *Twombly*, 550 U.S. at 556.

court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[76]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[77] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[78] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[79] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[80] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[81] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[82] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[83] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim

---

[76] *Id.* at 570.

[77] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[78] *Iqbal*, 556 U.S. at 677–78.

[79] *Id.* at 679.

[80] *Id.* at 678.

[81] *Id.*

[82] *Id.*

[83] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

must be dismissed.[84]

It is well-established that, in deciding whether to grant a motion to dismiss pursuant to Rule 12(b)(6), a district court may not "go outside the complaint."[85] However, "a court may permissibly refer to matters of public record."[86]

A document filed *pro se* is "to be liberally construed," and a "*pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standard than formal pleadings drafted by lawyers.'"[87] A *pro se* complaint may only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[88]

### 2.      Analysis

Defendant moves to dismiss the complaint on the grounds that Plaintiff "fails to articulate any justiciable claim that would require adjudication by this Court,"[89] as well as on the grounds that the claim is barred by *res judicata*.[90] Although Plaintiff contests Defendant's summary of the allegations, Plaintiff does not specifically address Defendant's argument that the complaint fails to

---

[84] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[85] *Rodriguez v. Rutter*, 310 F. Appx. 623, 626 (5th Cir. 2009); *Carter v. Target Corp.*, 541 F. App'x. 413, 416–17 (5th Cir. 2013).

[86] *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (citation omitted).

[87] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[88] *Id.* (internal quotations omitted).

[89] Rec. Doc. 11-1 at p. 4.

[90] *Id.*

state a claim upon which relief may be granted. In response to the argument that Plaintiff's claims are barred by *res judicata*, Plaintiff asserts that this claim is different from the claim in her previous case and that dismissal on *res judicata* grounds would be unjust.[91]

### a.   Failure to State a Claim

The majority of Plaintiff's complaint and amended complaint focus on Plaintiff's request for intervention by the United States Attorney General pursuant to 28 U.S.C. § 2403(a). Although Plaintiff makes some allegations pertaining to Defendant, Plaintiff does not cite any law that it alleges Defendant has violated, nor does Plaintiff explain what facts support any such claim. Plaintiff alleges that Defendant "receives from the United States American cities subsidiaries, therefore; a decade of statutory violations must be addressed publicly through a trial because of the Public Interest . . . ."[92] In addition, Plaintiff alleges that:

> Defendant as prescribed by the written contractual agreements filed in the Clerk of Court in Chicago, Louisiana, Arkansas, Missouri and California agreed to deposit into a Court Registry funds, that was a part of an alleged agreement for all parties. However; the Plaintiff was the recipient of the ten million U.S. dollars Tax Lien and the Defendant has not stopped drilling on these lands without the Trustee of the James A. Ford-William Willie Bradford Irrevocable Living Trust's written contractual agreement. In order to obtain a resolution, Plaintiff offered the Defendant the opportunity to resolve this by merely following their previous agreement. Defendants [sic] not only denied this offer, but mounted a hierarchy of harassment, statutory violations, and threat of bodily harm on Plaintiff and Plaintiff's family.[93]

Furthermore, Plaintiff alleges that Defendant "agreed through written contractual agreement" to place funds in a "Clerk of Court Registry(s) located in Caddo Parish, Chicago and California but to

---

[91] Rec. Doc. 15-1 at p. 6.

[92] Rec. Doc. 3-1 at p. 8.

[93] *Id.* at p. 6.

16

this date after a thorough investigation all the Courts presented documentation that solidifies that no funds had ever been placed in these Accounts as agreed by the Defendant."[94] Plaintiff alleges that "Plaintiff's case has over 131 pumping wells located on Plaintiff's title properties, yet plaintiff cannot receive the 12.5% granted to Plaintiff and Plaintiff's generation on a contractual Court filed agree, signed and agreed on by the Defendant British Petroleum PlC."[95] Finally, Plaintiff alleges that Defendant has engaged in a "hierarchy of deception"[96] and "has displayed no remorse by attempting to correct these arrears."[97] These allegations are presented throughout Plaintiff's complaint with no explanation of the agreements Plaintiff alleges that Defendant entered into or the specific harm she alleges she has suffered as a result of Defendant's action or inaction. Although Plaintiff broadly states that Defendant has engaged in harassment and made threats of bodily harm against her and her family, such a conclusory statement is insufficient. Plaintiff does not allege any specific actions by Defendant that allow the Court to draw a reasonable inference that Defendant is liable for the misconduct alleged.

Even liberally construing the complaints, Plaintiff has failed to state a claim for relief that is plausible on its face. Plaintiff has already amended her complaint once.[98] However, Plaintiff has failed to identify either the law which she asserts entitles her to relief or sufficient factual allegations for this Court to conclude that Plaintiff has stated a claim upon which relief can be granted against

---

[94] *Id.* at p. 13.

[95] *Id.* at p. 14.

[96] *Id.* at p. 9.

[97] *Id.* at p. 16.

[98] Rec. Doc. 5.

17

the Defendant named. It appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief against the Defendant. Accordingly, the Court grants Defendant's motion to dismiss.

### b.     *Res Judicata*

Assuming Plaintiff had properly stated a claim for relief, Defendant also moves to dismiss on *res judicata* grounds. *Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[99] Ordinarily, *res judicata* "must be pleaded as an affirmative defense" and addressed either at trial or on summary judgment.[100] However, the Fifth Circuit instructs that this rule has two exceptions: First, a district court may invoke *res judicata* on a *sua sponte* basis and dismiss an action where "both actions were brought before the same court;" Second, *res judicata* applies where "all of the relevant facts are contained in the record before [the Court] and are uncontroverted."[101] This case falls under the first exception. A previous action between these identical parties was dismissed by this Court with prejudice on March 17, 2014, on the grounds that Plaintiff had failed to state a claim for which relief could be granted.[102]

The Fifth Circuit has identified four elements that must be met in order for a claim to be

---

[99] *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro-Hunt, L.L.C., v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).

[100] *Moch v. E. Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.1 (5th Cir. 1977). *See also Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x 662, 664 n. 1 (5th Cir. 2004) ("*Res judicata* is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial.").

[101] *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281 (5th Cir.2001). *See also LaCroix v. Marshall County, Miss.*, 409 Fed. App'x 794, 798–99 (5th Cir. 2011) ("There are two exceptions to this general rule. The first . . . applies to 'actions [that] were brought before the same court[.]' . . . The other exception involves the situation in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata.").

[102] *Ford v. British Petroleum*, No. 12-965, Rec. Doc. 100.

barred under this doctrine: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."[103] To determine whether the claim or cause of action asserted in this case is the same as the previous action, the Court must apply the "transactional test" adopted by the Fifth Circuit.[104] Under this test,

> the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. The rule is that res judicata bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated.[105]

In this case, the first three elements are not subject to dispute.[106] The parties are identical, the judgment in the prior action was rendered by this Court, and the previous case was dismissed with prejudice for failure to state a claim upon which relief can be granted. For the purposes of *res judicata*, a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a "judgment on the merits."[107] Therefore, the Court will only consider the fourth element, whether, under the transactional test, these two actions have the same nucleus of operative facts.

In the previous case, Plaintiff requested that the Court "grant relief by requiring immediate

---

[103] *Test Masters Educ. Serv., Inc.,* 428 F.3d at 571 (citing *Petro-Hunt, L.L.C.,* 365 F.3d at 395).

[104] *See Travelers Ins. Co. v. St. Jude Hosp. of Kenner, Louisiana, Inc.*, 37 F.3d 193, 195 (5th Cir. 1994) (citations omitted).

[105] *Id.* (citation, internal quotations marks and alterations omitted).

[106] Citing what appears to be a statute from the state of Florida, Plaintiff contends that the "debt of $10,062,641.24 cannot be dismissed with a prejudicial dismissal." Rec. Doc. 15-1 at p. 8. Plaintiff does not explain, however, how any such statute may be applicable in this case.

[107] *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (citations omitted).

release of funds of said financial entities and injunction against ALL entities who are taking mineral resources without the approval of the Trustee of the Trust."[108] According to Plaintiff, BP was "operating and/or receiving benefits" under old oil and gas leases.[109] Plaintiff alleged that "royalty revenue derived from oil/gas from Sections 24, 31, and 34 Township 21N and Range 15W in Caddo Parish, Louisiana need to be made available to the Trustee of the Trust."[110] Plaintiff asserted that BP had failed to (1) "[p]ay the 12.5% royalty as in the original lease agreement;" (2) "[r]elease the accounts and registries to the Trustee and the Irrevocable Trust;" and (3) "[p]rovide financial documents requested by Trustee over the years with certified copies of receipts of unpaid royalties and unpaid royalty interest."[111]

In this action, the allegations against Defendant are not as clear. However, it does appear that the allegations arise out of the same nucleus of operative facts. Plaintiff is again asserting that Defendant has not stopped drilling and has not made certain payments it owes to Plaintiff and/or the Trust.[112] In this case, Plaintiff alleges that there are "131 pumping wells located on Plaintiff's title properties, yet plaintiff cannot receive the 12.5% granted to Plaintiff and Plaintiff's generation on a contractual Court filed agree, signed and agreed on by the Defendant British Petroleum PlC."[113] Considering that Plaintiff does not state the law under which she claims she is entitled to relief, the

---

[108] *Id.* at Rec. Doc. 13 at p. 4.

[109] *Id.* at p. 2.

[110] *Id.* at p. 8.

[111] *Id.* at p. 10.

[112] *Id.* at p. 6.

[113] Rec. Doc. 3-1 at p. 14.

Court is unable to determine if the claims asserted in this case are the same or different than in the previous action. However, the Court finds that this case involves the same nucleus of operative facts as the previous case, which was dismissed with prejudice. Accordingly, assuming Plaintiff had stated a valid claim, the claim is barred by *res judicata*.

Plaintiff asserts that *res judicata* should not be applied in this case because its application would be unjust.[114] In support, Plaintiff cites a case from the Supreme Court of California, *Louis Stores, Inc. v. Department of Alcoholic Beverage Control*.[115] In *Louis Stores, Inc.*, the Supreme Court of California considered whether a prior decision by the Department of Alcoholic Beverage Control should be given *res judicata* effect in a later proceeding before the same Department.[116] Quoting the Restatement (First) of Judgments,[117] the court noted that it is an important qualification of the doctrine of collateral estoppel that "[w]here *a question of law* essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; *and in any event it is not conclusive if injustice would result*."[118]

The Court does not find this case persuasive. The court in *Louis Stores, Inc.* was discussing a qualification on the doctrine of collateral estoppel, not *res judicata*, which is at issue in this case.

---

[114] Rec. Doc. 15-1 at p. 6.

[115] 371 P.2d 758 (Cal. 1962).

[116] *Id.* at 753–56.

[117] RESTATEMENT (FIRST) OF JUDGMENTS § 70 (AM. LAW INST. 1942).

[118] *Louis Stores, Inc.*, 371 P.2d at 757 (emphasis in original).

Furthermore, the injustice the Restatement is concerned about is demonstrated by the comments to the Restatement, also quoted by the court in *Louis Stores, Inc.*, which provide that a determination of a question of law is not conclusive "if it would be unjust to one of the parties or to third persons to apply one rule of law in subsequent actions between the same parties and to apply a different rule of law between other persons."[119] That is not an issue in this case.

In addition, Plaintiff asserts that there is a sound judicial policy against applying *res judicata* in this case because the case concerns a matter of important public interest.[120] In support, Plaintiff cites *Chern v. Bank of America*[121] and the Second Restatement of Judgments § 28(5).[122] In *Chern*, the Supreme Court of California held that, due to the "quality and intensity of the public interest involved," the plaintiff should not be precluded, on collateral estoppel grounds, from relitigating issues plaintiff previously brought against a different defendant.[123] In that case, plaintiffs had alleged that certain banks were using misleading methods of computing interest rates for loans.[124] The court, acknowledging the California legislature's "strong interest in protecting the public through its comprehensive scheme of banking and financial regulations," decided that the public interest weighed in favor of not invoking collateral estoppel.[125] Plaintiff also contends that the Restatement

---

[119] RESTATEMENT (FIRST) OF JUDGMENTS § 70, comment f (AM. LAW INST. 1942).

[120] Rec. Doc. 15-1 at p. 6.

[121] 15 Cal. 3d 866 (Cal. 1976).

[122] RESTATEMENT (SECOND) OF JUDGMENTS § 28(5) (AM. LAW INST. 1982).

[123] 15 Cal. 3d at 873.

[124] *Id.* at 870–71.

[125] *Id.* at 872–73.

(Second) of Judgments states that there is an exception to issue preclusion when "[t]here is a clear and convincing need for a new determination of the issue [] because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action."[126]

The Court does not find either *Chern* or the Restatement (Second) of Judgments persuasive in this case. Both *Chern* and the Restatement pertain to collateral estoppel, not *res judicata*. Furthermore, considering the Court's finding that Plaintiff has not stated a claim upon which relief can be granted, it is unclear what public interest could be served by adjudicating Plaintiff's second case.

Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted and grants Defendant's motion to dismiss.

---

[126] Rec. Doc. 15-1 at p. 6 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 28(5) (AM. LAW INST. 1982)).

## IV. Conclusion

Accordingly;

**IT IS HEREBY ORDERED** that Defendant's "Rule 12(b) Motion to Dismiss or, Alternatively, Motion for More Definite Statement"[127] is **GRANTED IN PART AND DENIED AS MOOT IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that it seeks dismissal of Plaintiff's claims.

**IT IS FURTHER ORDERED** that the motion is **DENIED AS MOOT** to the extent that it seeks a more definite statement.

**NEW ORLEANS, LOUISIANA**, this ___24th___ day of September, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[127] Rec. Doc. 11.